FILED
SUPERIOR COURT
OF GUAM

2013 FEB 28 PM 1: 32

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BLAIR CONSTRUCTION CO., LTD., | ) CIVIL CASE NO. CV1753-09 |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) FINDINGS OF FACT AND |
| | ) CONCLUSIONS OF LAW |
| vs. | ) (Bench Trial) |
| | ) |
| | ) |
| PETER S. CHUNG, EARTH ROAD | ) |
| (GUAM), INC. and JUNG DO KWON | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 13, 2011, July 14, 2011, October 6, 2011, December 7, 2011, February 9, 2012, and May 2, 2012, for a bench trial. Attorney Mun Su Park represented Blair Construction Co., LTD. ("Plaintiff). Attorney Phillip Torres represented Peter S. Chung, Earth Road (Guam) Inc., and Jung Do Kwon ("Defendants"). The Court took the matter under advisement on October 31, 2012, after the parties confirmed that all information in the case including their proposed findings of fact and conclusions of law were submitted for the Court's consideration. Upon review of the evidence, oral and written arguments, and legal authorities presented by the parties, the Court hereby issues its Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

Blair Construction Co., LTD v. Peter S. Chung, Earth Road (Guam) Inc. and Jung Do Kwon
Page 1 of 9
Findings of Fact and Conclusions of Law—Bench Trial

1. Plaintiff Blair Construction Co., LTD. ("Plaintiff") is, and at all relevant times, was a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located in Seoul, South Korea. Transcript JDAASCRA (7/13/2011) at 2:54:56

2. Hueng Koo Lee ("Mr. Lee") is, and at all relevant times, was the owner and president of Blair Construction Co. *Id.* at 2:37:18.

3. Defendant Peter S. Chung ("Defendant Chung") is a licensed real estate broker in Guam and is the owner of a real estate broker company based in Guam known as "Expo Realty." *Id.*

4. Defendant Earth Road (Guam), Inc. is and at all relevant times, was a corporation organized and existing under the laws of Guam, with its principal place of business located at 201 Harmon Road, Harmon Industrial Park, Guam.

5. Defendant Jung Do Kwon is, and at all relevant times, was a director and treasurer of Earth Road.

6. On or about January 24, 2008, Mr. Lee purchased Unit 502, Oka Towers, through Defendant Chung. Defendant Chung was the real estate broker for the transaction and dealt primarily with Ms. Ja Young Yim, who assisted Mr. Lee.

7. In January 2008, around the period of closing of Unit 502, Mr. Lee asked Defendant Chung to find him a "suitable" property for a housing development. Mr. Lee was not specific in identifying what characteristics he wanted in the property but Defendant Chung began looking for large parcels of property that could be used for development. Defendant Chung did find certain properties and reviewed those properties with Mr. Lee and Ms. Yim.

Blair Construction Co., LTD v. Peter S. Chung, Earth Road (Guam) Inc. and Jung Do Kwon
Page 2 of 9
Findings of Fact and Conclusions of Law—Bench Trial

8. Ms. Yim was Plaintiff's local representative and received her job assignments and instructions from Mr. Lee. Plaintiff Company paid Ms. Yim for her services, living expenses including hotel and automobile on Guam. See Deposition of Ja Young Yim (Dec. 20, 2010).

9. In early 2008, Mr. Lee and Ms. Yim were shown a number of different lots to determine if they were suitable for development. One of these lots was Lot 7134, Yigo, Guam.

10. On February 1, 2008, Defendant Earth Road entered into a Contract to purchase Lot 7134, Yigo, Guam, from its owner, David Lujan.

11. Defendant Earth Road paid an initial deposit of Twenty Thousand Dollars ($20,000) on February 1, 2008, a second deposit of Fifty Thousand Dollars ($50,000) on March 7, 2008 and a third deposit of Twenty-Five Thousand Dollars ($25,000) on March 20, 2008. All of those deposits were irrevocably released to Mr. David Lujan before the sale was closed.

12. Plaintiff, through Mr. Lee, indicated its serious interest in Lot 7134 in March 2008. Through Defendant Chung and Ms. Yim, Mr. Lee began to negotiate with Defendant Earth Road for purchase of the property. Defendant Earth Road initially wanted Two Million Eight Hundred Thousand Dollars ($2,800,000) for the lot.

13. Mr. Lee entered into a Contract to purchase Lot 7134 from Defendant Earth Road on March 10, 2008 for Two Million Four Hundred Fifty Thousand Dollars ($2,450,000). The contract was initially signed by Ms. Yim for the purchaser, and Mr. Lee signed later.

Blair Construction Co., LTD v. Peter S. Chung, Earth Road (Guam) Inc. and Jung Do Kwon
Page 3 of 9
Findings of Fact and Conclusions of Law—Bench Trial

14. On April 18, 2012, GSP sent Expo Realty a deposit check for Fifty Thousand Dollars ($50,000) (Exhibit 11).

15. Prior to entering into the Agreement, Defendant Chung had provide Ms. Yim and Mr. Lee, the duly authorized representatives of GSP, along with Plaintiff, a property transaction report ("PTR") on Lot 7134. The PTR stated that David Lujan was the owner of Lot 7134. (Exhibit 6).

16. Ms. Yim and Mr. Lee were aware that although the PTR stated that David Lujan was the owner of Lot 7134, they would be purchasing the lot from Defendant Earth Road. See Deposition of Ja Young Yim (Dec. 20, 2010).

17. Ms. Yim and Mr. Lee were aware of Defendant Chung's affiliation with Defendant Earth Road.

18. The closing for the sale of Lot 7134 from David Lujan to Defendant Earth Road occurred immediately before the sale of Lot 7134 from Defendant Earth Road to GSP. Earth Road realized a gain of Eight Hundred Thousand Dollars ($800,000) on the transaction. Defendant Chung disclosed to Plaintiff the financial details of this transaction. (Exhibits 14 and 15).

## CONCLUSIONS OF LAW

The principal issues arising out of the facts developed at trial are: 1) whether Defendant Peter S. Chung was acting as an agent for Plaintiff? If so, what duties did he owe his Principal? Secondly, whether Ms. Ja Young Yim was an agent for Plaintiff such that communications made to Ms. Yim can be imputed to Plaintiff?

Guam law defines an agent as follows:

An *agent* is one who represents another, called the *principal,* in dealings with third persons. Such representation is called *agency.*

Blair Construction Co., LTD v. Peter S. Chung, Earth Road (Guam) Inc. and Jung Do Kwon
Page 4 of 9
Findings of Fact and Conclusions of Law—Bench Trial

18 GCA § 20101 (2005).

"Any person having capacity to contract may appoint an agent, and any person may be an agent." 18 GCA § 20102. Moreover, "an agent may be authorized to do any acts which his principal might do, except those to which the latter is bound to give his personal attention." 18 GCA § 20201. Likewise, "[a]n agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had been entered into on his own account, accrue to the principal." 18 GCA § 20301. As to the first question, Defendant Chung admitted that he was acting as real estate agent in these transactions. In carrying out his duties, he dealt with Mr. Lee on a couple of occasions but Defendant Chung primarily dealt with Ms. Yim. In effectuating the transaction for the purchase of Lot 7134, Yigo, Guam, Defendant Chung was the principal broker handling the transactions and Ms. Sue Kim was the buyer's agent involved in Plaintiff's sales transaction.

The law contemplates that a situation may arise wherein a real estate agent acting at once as agent and a principal; an actor can be both a buyer and a seller, or act on their behalf, as long as he has disclosed the fact. *See e.g. Roberts v. Lomato,* 112 Cal.App.4th 1553, 1563 (2003) ("If an agent...purchases...property, the agent's fiduciary duties continue even though he or she may be a principal in the transaction." *Taborsky v. Mathews,* 121 So.2d 61 (FL 1960). "Such an agent is charged with the duty of fullest disclosure of all material facts concerning the transaction that might affect the principal's decision" *Roberts, supra.* Plaintiff has produced no case which expressly forbids Defendant from entering into such an arrangement, provided that proper disclosures have been made. As demonstrated by testimony at trial, those disclosures were made by Defendant Chung both to Mr. Lee, and to Plaintiff's agent on Guam, Ms. Yim.

Blair Construction Co., LTD v. Peter S. Chung, Earth Road (Guam) Inc. and Jung Do Kwon
Page 5 of 9
Findings of Fact and Conclusions of Law—Bench Trial

As to the second question, Ms. Yim's status as an agent of Plaintiff is apparent from her testimony. "An agency relationship is created when there is mutual consent, express or implied, that the agent is to act on behalf and for the benefit of the principal, and subject to the principal's control." 2A C.J.S. *Agency* § 32 (2013). "There is no particular mode by which an agency must be established, and usually no particular method or form of expression is required." *Id.* In the instant case, Ms. Yim testified in deposition that her job was to "establish the company GSP and Blair in Guam." <u>Deposition of Ja Young Yim</u> at 6 (Dec. 20, 2010). She stated that she executed a purchase agreement for a $300,000 piece of property in Oka Towers on behalf of Mr. Lee in 2007. *Id.* at 9. She also testified that she received a management-level salary in Korea and living expenses in Guam; that she was acting at Mr. Lee's direction when she began looking at property for development on Guam in 2008; and that she made regular reports to Mr. Lee when she was on Guam and he was in Korea. *Id.* at 12-13, 16. This testimony was corroborated by Defendant's testimony as to his dealings with Ms. Yim, including his testimony that in March 2010 he was asked by Ms. Yim to negotiate for the purchase of Lot 7134.

As the sole finder of fact in this case, the Court must weigh these corroborating accounts against Mr. Lee's testimony that Ms. Yim was not his agent or plaintiff's agent or employee or otherwise authorized to conduct the sales transaction at issue, and that Ms. Yim never disclosed that Plaintiff would be buying the property from Defendant Earth Road instead of owner David Lujan. Mr. Lee's testimony in this regard is less credible than that of Ms. Yim because unlike Ms. Yim, he is an interested party who stands to gain in this suit by denying the agency relationship; it is also contradicted by the documents in evidence. The Land Purchase Agreement itself was first signed by Ms. Yim on March 10, 2008, and afterwards by Mr. Lee.

Blair Construction Co., LTD v. Peter S. Chung, Earth Road (Guam) Inc. and Jung Do Kwon
Page 6 of 9
Findings of Fact and Conclusions of Law—Bench Trial

(Exhibit 9). Thus, as a matter of law, an agency relationship existed between Ms. Yim and Plaintiff at all times during this transaction.

Upon establishing that Ms. Yim was Plaintiff's agent in this transaction, it is necessary to establish what Defendant Chung disclosed to her. "As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." 18 GCA § 20303. Thus, information conveyed to Ms. Yim may be imputed to Plaintiff, whether actually communicated by her or not. In the present case, however, imputation is unnecessary because she actually communicated the information in question, directly and through regular written reports.

Ms. Yim testified that she knew that Jung Do Kwon, who signed the Land Purchase Agreement (Exhibit 9) as Seller, owned Earth Road, Inc. Deposition of Ja Young Yim at 19 (Dec. 20, 2010). She knew that Defendant Chung was affiliated with Earth Road, Inc. *Id.* at 34, 38-39. She testified that when she was looking into the purchase of Lot 7134, the owner of record was not Earth Road but David Lujan. *Id.* at 20. She explicitly stated that she was informed of this by Defendant Chung. She also stated that before March 10, 2008, Defendant Chung explained to her that when Plaintiff decided to purchase the property, Earth Road had already entered into a purchase agreement with David Lujan. *Id.* at 20, 21, 24, 39, 41, 42, 46. Likewise, Mr. Lee was informed both by Defendant Chung and Ms. Yim, directly and through written reports. *Id.* at 23-26, 29-30, 46. Again, this contradicts the testimony of Mr. Lee, but corroborates the testimony of Defendant Chung.

Defendant Chung testified that he was aware of his disclosure obligations to Plaintiff and its agents and that he disclosed the details of Lot 7134 and its pending transaction at the

Blair Construction Co., LTD v. Peter S. Chung, Earth Road (Guam) Inc. and Jung Do Kwon
Page 7 of 9
Findings of Fact and Conclusions of Law—Bench Trial

time he initially showed the property to Mr. Lee and Ms. Yim in January 2010. At that time, Mr. Lee was not interested in acquiring the property.

Defendant Chung testified that in March 2010 he was asked by Ms. Yim to negotiate for the purchase of Lot 7134. Defendant Chung testified that he disclosed to Ms. Yim that the property was under a sales contract to Defendant Earth Road. Nonetheless, Ms. Yim instructed Defendant Chung to move forward with negotiations.

The Court may therefore resolve this case by a simple analysis of agency and imputed notice. Defendant Chung, as agent to Plaintiff, had a fiduciary duty of disclosure to his principal. He fulfilled this both by direct communications with Mr. Lee, and by direct communication with Ms. Yim. Ms. Yim, as the agent of Plaintiff on Guam, not only imputed notice to the Plaintiff, but also actually gave notice to the Plaintiff through regular reports.

Defendant Chung fully disclosed to Plaintiff all facts regarding his involvement in this transaction. He did not withhold information from Plaintiff about his relationship with Earth Road, Earth Road's purchase of Lot 7134, the original ownership of Lot 7134, or any other circumstance related to this transaction. As such, he violated no duties and perpetrated no fraud on Plaintiff, who entered into the transaction for the purchase of Lot 7134 fully informed of all surrounding facts and circumstances.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court finds the following:

1. Defendant Chung fully upheld his fiduciary duties to Plaintiff by disclosing all facts and circumstances relative to the sale and purchase of Lot 7134.

Blair Construction Co., LTD v. Peter S. Chung, Earth Road (Guam) Inc. and Jung Do Kwon
Page 8 of 9
Findings of Fact and Conclusions of Law—Bench Trial

2. While Plaintiff may be experiencing regret for not purchasing the property sooner for a lower price, Plaintiff entered into the transaction with full awareness of the facts.

3. The law does not function to allow Plaintiff to go back in time to take advantage of a missed opportunity, or to transfer the burden of his hesitation onto the Defendant in this matter.

4. The parties are responsible for their respective costs and attorney's fees.

**SO ORDERED** this 28th day of <u>FEBRUARY</u>, 2013.



<u>HONORABLE ANITA A. SUKOLA</u>
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

FEB 2 8 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

Blair Construction Co., LTD v. Peter S. Chung, Earth Road (Guam) Inc. and Jung Do Kwon
Page 9 of 9
Findings of Fact and Conclusions of Law—Bench Trial